# CIVIL PROCEDURAL RULES COMMITTEE
# ADOPTION REPORT

## Amendment of Pa.R.Civ.P. 400

On January 18, 2022, the Supreme Court amended Pennsylvania Rule of Civil Procedure 400 to add a category of actions in which original process may be served either by the sheriff or a competent adult.  The Civil Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process.  An Adoption Report should not be confused with Comments to the rules.  *See* Pa.R.J.A. 103, Comment.  The statements contained herein are those of the Committee, not the Court.

Pursuant to a request, the Committee examined the holding in *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018), concerning the removal of actions from state to federal court and permitting pre-service or "snap" removal pursuant to 28 U.S.C. § 1441.  Section 1441(a) provides that a civil action brought in a state court may be removed to federal court where there is federal subject matter jurisdiction, including where there is complete diversity of citizenship between all plaintiffs and all defendants.  Section 1441(b) states the "forum defendant" exception:  an action otherwise removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined <u>and</u> served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b) (emphasis added).

To obviate the constraints of the "forum defendant rule", a practice has developed in which defendants will remove actions commenced in state court to federal district court after filing suit, but before service has been effectuated on the in-state defendant.  The advent of electronic access to court dockets in state court has increased the opportunity for defendants to monitor the filing of lawsuits before service has been effectuated and to make a determination whether to remove to federal court before the in-state defendant has been served.

The propriety of this procedural maneuver was the subject of *Encompass Ins. Co.*  In that case, the defendant agreed to accept electronic service of process instead of requiring formal service of the complaint.  *See id.* at 150.  However, when the plaintiff then filed suit against the defendant in the plaintiff's home state and sent the defendant a copy of the filed complaint and a service acceptance form via email, counsel for defendant refused to accept service and thereafter removed the action to federal court.  *Id.*  Interpreting the statutory language, the Third Circuit Court of Appeals concluded that the plain language of Section 1441(b) does not prevent removal to federal court on the basis of diversity jurisdiction when the forum defendant has not yet been served.  The Third Circuit concluded that any change to the statutory language should be appropriately addressed by the legislative branch.  *Id.* at 153 n. 4.

The Committee recognized that the delay between the filing of the complaint and service of original process provides the opportunity for "snap" removal. As reported to the Committee, the method of original service available to plaintiffs can be a significant factor in the magnitude of that delay. For example, employing a private process server permits prompt, plaintiff-directed service on defendants whereas the timing of sheriff-effectuated service varies widely within Pennsylvania. The Committee focused its efforts on reducing this potential inconsistency in statewide practice as it relates to "snap" removal.

The Committee observed that Pa.R.Civ.P. 400(a) provides that the sheriff must serve original process of civil actions within the Commonwealth. Pa.R.Civ.P. 400(b) sets forth certain, discrete civil actions for which, in addition to service by the sheriff, original process within the Commonwealth may be served by a competent adult. These include civil actions in which the complaint includes a request for injunctive relief, perpetuation of testimony, appointment of a receiver, partition, and declaratory judgment when declaratory relief is the only relief sought. Yet, Pa.R.Civ.P. 400.1 carves out an exception for the service of original process in Philadelphia County; service may be made either by the sheriff or a competent adult for all actions commenced in the First Judicial District.

The various means for permissible service of original process in Pennsylvania, as provided by the current Rules of Civil Procedure, have resulted in disparate delays in that service, and has led to inconsistent "snap" removal opportunities based upon the county of filing. To address this disparity, the Committee considered two options to address the potential delay in service. First, the Committee considered a modest amendment of Pa.R.Civ.P. 400(b) extending service of original process by a competent adult for the narrow category of cases impacted by the *Encompass Ins. Co.* decision. Service by the sheriff would remain an option. Service by a competent adult would allow for plaintiff-directed service rather than sheriff-directed service.

Alternatively, the Committee considered an option to remove the category of cases subject to "snap" removal from operation of Pa.R.Civ.P. 400(b) so that such cases must also be served by sheriff pursuant to Pa.R.Civ.P. 400(a). However, it rejected this approach, which seemingly fosters additional delay, because it appeared contrary to the purpose of the Rules to obtain speedy determinations of actions. *See, e.g.,* Pa.R.Civ.P. 126.

The Committee published the proposed amendment of Pa.R.Civ.P. 400 for comment. *See* 50 Pa.B. 3573 (July 18, 2020). The Committee received four comments supporting the proposal. A suggested revision to augment the rule to state that the filing of a petition for removal operates to join and serve a defendant was not incorporated into the proposal. Accordingly, the Committee made no changes to the proposal following publication.

In sum, the amendment of Pa.R.Civ.P. 400(b) adds a narrow category of cases for which a competent adult, in addition to the sheriff, may serve original process for any civil action in which there is a complete diversity of citizenship between all plaintiffs and of all defendants, and at least one defendant is a citizen of Pennsylvania.  The amended rule is intended to ameliorate "snap" removal and the holding of *Encompass Ins. Co.*

The amendment becomes effective April 1, 2022.